Capitol Corporate Services, Inc.
PO Box 1831
Austin, TX 78767
Phone: (800)345-4647 Fax: (800) 472-0533
rassop@capitolservices.com

## Service of Process FAX/SCAN Cover Sheet

| | | |
|---|---|---|
| JILL VALACHOVIC<br>DAVE & BUSTERS, INC.<br>2481 MANANA DR<br>DALLAS TEXAS 75220 | Date Processed: | 05/21/2010 |
| | Completed By: | LESLEY BALLARD |
| | Delivery Method to Client: | FEDEX STANDARD OVERNIGHT LETTER |
| | Tracking Number: | 911722909291 |

| Date / Time Received | Transmittal # | Delivered to Agent by |
|---|---|---|
| 05/21/2010 2:30 PM in FLORIDA | FL-46460 | PROCESS SERVER |

**With Regard to Client**
DAVE & BUSTER'S, INC.

**Title of Case or Action**
BEVERLY WALLS V. DAVE & BUSTERS, INC.

| Case Number | Type of Document Served |
|---|---|
| 10-21671 | SUMMONS |

**Court Name**
CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT BROWARD COUNTY FLORIDA

Capitol / Agent Copy

1-46460E

**COMPOSITE**
**EXHIBIT A**

```
                              IN THE CIRCUIT COURT OF THE 17th
                              JUDICIAL CIRCUIT IN & FOR BROWARD
                              COUNTY, FLORIDA

                              GENERAL JURISDICTION DIVISION

BEVERLY WALLS,            :   CASE NO.        10-21671
        Plaintiff,        :
                          :
v.                        :
                          :
DAVE & BUSTERS, INC.,     :
                          :
        Defendant.        :   SUMMONS
_____/
```

*[Signature stamp: ERIC LARSON, CERT. IN CIRCUIT COURT OF 2ND JUDICIAL CIRCUIT #063]*  **25**

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons, a copy of the Complaint in this action on Defendant **BY SERVING, PURSUANT TO F.S. §48.091:**

   Registered Agent:   Capital Corp. Services, Inc.
                       155 Ofice Plaza Dr., Suite A
                       Tallahassee, Fl 32301

If service cannot be made on the Registered Agent because of failure to comply with F.S. § 48.091, service of process shall be permitted on any employee at the corporation's place of business.

**OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR PRIORITY AS LISTED BELOW, PURSUANT TO F.S. §48.081:**

   1.   The president or vice president, or other head of the corporation; and/or in his or her absence;

   2.   The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

   3.   Any director; and in the absence of all of the above; or

   4.   Any officer or business agent residing in the state.

-1-

```
                                IN THE CIRCUIT COURT OF THE 17th
                                JUDICIAL CIRCUIT IN & FOR BROWARD
                                COUNTY, FLORIDA

                                GENERAL JURISDICTION DIVISION

BEVERLY WALLS,            :     CASE NO.
                          :                      10-21671
     Plaintiff,           :
                          :
v.                        :
                          :
DAVE & BUSTERS, INC.,     :
                          :     FLSA
     Defendant.           :     COMPLAINT
_____/
```

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA") on behalf of herself and other similarly situated current and former tipped employees ("Servers") of Defendant (hereinafter referred to as the "Employer") for minimum wage violations of the FLSA.

## A. INTRODUCTION TO "TIP CREDIT" VIOLATIONS

2. Plaintiff worked for the Employer in Broward County, Florida in its restaurant in the position of a Server. Plaintiff and the Servers are covered employees for purposes of the FLSA.

3. For Count I, Plaintiff and the Servers have the following characteristics with respect to the minimum wage allegations:

a. The Employer paid the Servers a reduced gross hourly wage pursuant to §3(m) of the FLSA;

b. Servers are required to share a percentage of their tips with non-tipped employees (e.g., managers, hostess, cooks, etc.) and/or employees who are not then working as tipped employees and the Employer required that Servers pay out excessive amounts of their tips;

c. The Employer required that the Servers perform non-tipped work, including training and up-date classes, either at no hourly wage or at a reduced hourly wage;

-1-

d. The Employer required that the Servers work off the clock or at a reduced hourly wage while doing non-tipped work (e.g., training, meetings);

e. The Employer required that Servers buy and maintain their work uniforms and required job accessories which further reduced their hourly wage and pay for training classes;

f. The Employer charged Servers for credit card charges and failed to re-pay Servers any amounts reimbursed to it by the credit card companies; and

g. The Employer requires that Servers pay for breakage, walk-outs, food and drink errors from their tips.

## B. THE EMPLOYER

4. The Employer is a part of a restaurant chain and is subject to the FLSA.

5. The Employer is a foreign corporation doing business in Broward County, Florida and within the jurisdiction of this Court. The Employer is, and at all times pertinent to this Complaint, was engaged in interstate commerce.

6. The Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

## C. VENUE & JURISDICTION

7. This action is brought by Plaintiff and the Servers to recover from the Employer compensation for the Employer's minimum wage and overtime violations, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b). Plaintiff, on behalf of those Servers currently working for the Employer, requests injunctive relief as provided by the FLSA against the

-2-

Employer.

8. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

9. By reason of their employment with the Employer, Plaintiff and the Servers were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiff and the Servers was directly essential to the those interstate activities described herein which was directly essential to the business performed by the Employer. Plaintiff and the Servers, by virtue of their job duties and functions as described above, were engaged in commerce.

10. All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

## COUNT I
## RECOVERY OF MINIMUM WAGE VIOLATIONS AGAINST THE EMPLOYER

11. Plaintiff and the Servers readopt and reallege all allegations contained in ¶¶1-10 above.

12. At all times material hereto, the Employer failed to comply with §3(m) of the FLSA, Title 29 U.S.C. §§201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff and the Servers actually received less than the applicable minimum wage per hour for the reasons alleged at ¶3 which resulted in a minimum wage violation and/or Plaintiff and the Servers illegally shared their tips with non-tipped employees and/or employees who were then performing non-tipped work.

13. As a result of the Employer's acts as described at ¶¶ 3 and 12 above, Plaintiff's and the Servers' hourly wages were reduced below the applicable minimum wage in violation of the FLSA

and/or the Employer violated the Act's minimum wage provisions.

14. Plaintiff and the Servers are entitled to be paid at least the applicable reduced minimum wage while they are doing tipped work and no less than the minimum wage while they are doing non-tipped work and/or in training. Furthermore, non-tipped employees are not entitled to share in any part of Plaintiff's and the Servers' tips.

15. As a result of the Employer's acts as described above, Plaintiff's and the Servers' hourly wages were below the applicable minimum wage and/or reduced minimum wage in violation of the FLSA and/or the Employer's actions resulted in minimum wage violations.

16. The Employer knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of hourly wages to Plaintiffs and Servers in accordance with the FLSA.

17. By reason of the said intentional, willful and unlawful acts of the Employer, Plaintiff and the Servers have suffered damages (as described above) plus incurring costs and reasonable attorneys' fees and are entitled to damages as provided by §216 of the FLSA, repayment of all improperly shared tips, and reimbursement for all improper deductions. As a result of the Employer's willful disregard of the FLSA, Plaintiff and the Servers are entitled to liquidated damages.

WHEREFORE, Plaintiff and the Servers who have or will opt-in to this action demand judgment against the Employer for payment of all of their hours worked at the applicable minimum wage, reimbursement for all of their work related costs and expenses, liquidated damages, reasonable attorney's fees and costs of suit, injunctive and declaratory relief, and for all other relief allowed by §216(b) of the FLSA.

-4-

## JURY DEMAND

Plaintiff demands a jury trial for Count I.

Respectfully submitted,

LAWRENCE J. McGUINNESS, P.A.
Counsel for Plaintiff
1627 S.W. 37th Ave., Suite 100
Miami, Fl 33145
Ph. No. (305) 448-9557
Fax No. (305) 448-9559

BY: _____
LAWRENCE J. McGUINNESS
Fla. Bar No. 814611